UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JERRY JERMAINE CHRISTIAN,

            Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

            Defendant.

Case No. CV 15-04700-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

**PROCEEDINGS**

On June 20, 2015, Jerry Jermaine Christian ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on November 24, 2015. On May 2, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 44-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on July 24, 2012, alleging disability beginning June 21, 2012. (AR 16.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 21, 2012, the alleged onset date. (AR 18.)

Plaintiff's claims were denied initially on December 5, 2012. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Zane A. Lang on October 22, 2013, in West Los Angeles, California. (AR 16.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 16.) Vocational expert ("VE") Ronald K. Hatakeyama also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on November 21, 2013. (AR 16-25.) The Appeals Council denied review on January 30, 2015. (AR 7-10.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly evaluated Plaintiff's credibility.
2. Whether the ALJ properly rejected the treating physician's opinion.
3. Whether the ALJ properly determined Plaintiff's Residual Functional Capacity.
4. Whether the ALJ properly found Plaintiff can perform his past relevant work or any other work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 21, 2012, the alleged onset date. (AR 18.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: status post rupture of the left Achilles tendon with surgical repair, degenerative disc disease of the lumbar spine, and sprain and strain of the left ankle. (AR 18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can lift up to 20 pounds occasionally and 10 pounds frequently, and can sit up to 6 hours in an 8-hour workday, with the following additional restrictions: standing and/or walking limited to 2 hours in an 8-hour workday, and limited to occasional performance of postural activities.

(AR 19-22.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 21.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a general clerk. (AR 22-24.) The ALJ also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of bench assembler and telephone information clerk. (AR 23-24.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 24-25.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted the opinion of Plaintiff's treating physician, and properly discounted Plaintiff's subjective symptom allegations. The ALJ also properly found that Plaintiff is able to perform alternate work in the national economy.

**I.  THE ALJ PROPERLY DISCOUNTED THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN**

Plaintiff contends that the ALJ erred in rejecting the treating physician opinion of Dr. Edwin Haronian. The Court disagrees.

5

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v.

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B.  Analysis

Plaintiff had Achilles tendon surgery on his left ankle on July 13, 2012, and complains of lumbar spine pain resulting from walking with an antalgic gait due to the left ankle injury. (AR 20.) He alleges continuing pain in his left lower leg and lower back. (AR 19.) At first, there was a considerable reduction in range of motion in Claimant's left ankle due to pain, and he walked with an uneven gait. (AR 20.) On August 30, 2012 and February 13, 2013, Claimant had spasm, tenderness, and guarding in his paravertebral musculature. (AR 21.) By May 7, 2013, despite claims he could not sit, stand or walk for more than 5-10 minutes without increased pain, Plaintiff on physical examination had a normal gait and was able to ambulate without a cane, and even perform toe and heel walk albeit with back pain. (AR 21, 308.)

In addition to the above examination findings, an MRI of the lumbar spine conducted on August 3, 2012, showed bulges and a narrowing of the thecal sac, but no evidence of significant central or foraminal stenosis at any level. (AR 21.) On April 29, 2013, electrodiagnostic studies of the lower extremities were within normal limits and there was no electroneurographic evidence of entrapment neuropathy in the lower extremities or electromyographic evidence of acute lumbar radiculopathy. (AR 21, 295.) This electrodiagnostic study also indicated that Plaintiff's motor strength in all major groups was 5/5, sensation was normal, and deep tendon reflexes normal and symetrical. (AR 21, 292.) The

ALJ found that the nerve conduction study was normal and the imaging study showed little pathology. (AR 22.)

His treating physician Dr. Edward Haronian assessed work limitations of no lifting and a 10 minute break for every hour of standing in order to be seated, to reduce the stress of the lumbar spine and left ankle. (AR 21.) The ALJ discounted Dr. Haronian's opinion because his findings are both inconsistent with and unsupported by the substantial medical evidence of record discussed above. (AR 22.) Although a treating physician's opinion is generally afforded great weight, an ALJ may disregard the treating physician's opinion whether or not the opinion is contradicted when it is unsupported by the record as a whole or by objective findings or objective evidence. Batson v. Comm'r of Soc. Sec. Adm., 359 F.3d 1190, 1195 (9th Cir. 2004).

Preliminarily, there is no conflict between the ALJ's RFC and Dr. Haronian's limitation to a 10 minute break for every one hour of standing in order to be seated, to reduce the stress on spine and ankle. The ALJ's RFC provides for sitting up to 6 hours in an 8 hour workday. (AR 19.) The Commissioner notes that these limitations more than incorporate Dr. Haronian's limitation requiring a 10 minute break every hour to be seated. Plaintiff's only argument is that the ALJ's RFC permits light work but the two hour limitation on standing and/or walking is more consistent with sedentary work. The ALJ, however, made an alternative finding that Plaintiff could perform sedentary work in the national economy. (AR 24.) (See Section III below.)

The ALJ rejected Dr. Haronian's no lifting limitation as inconsistent with and unsupported by the medical evidence of record. (AR 22.) The ALJ found that there were no clinical findings supporting the degree of limitation alleged. (AR 22.) As already noted, the MRI and electrodiagnostic findings ordered by Dr. Haronian were essentially normal. (AR 21.) Plaintiff mentions the MRI study but does not discuss or even acknowledge the absence of any central or forminal stenosis. Plaintiff does not mention the electrodiagnostic findings.

On May 7, 2013, pain management physician Dr. Jonathan F. Kohan found Plaintiff had a normal gait and was able to ambulate without an assistive device, despite claims of pain in the ankle and back and difficulties walking. (AR 21, 308.) Dr. Kohan also found that Plaintiff could perform heel and toe walk albeit with back pain. (AR 308.) Plaintiff suggests that Dr.

Kohan found that Plaintiff could not stand or walk for more than 10-15 minutes without his pain increasing (JS 3) but Dr. Kohan was simply describing Plaintiff's complaints (AR 306), which is how the ALJ interpreted Dr. Kohan's report. (AR 21-22.) In fact, as noted, Dr. Kohan found that Plaintiff had a normal gait and is able to ambulate without a cane. (AR 308.)

The ALJ also found that Plaintiff's allegations of disabling symptoms is contradictory to his testimony about his daily activities. (AR 22.) Plaintiff is able to drive, do the laundry, go to the store, cook, do the dishes, sweep, mop, take out the trash, and clean the bathroom and kitchen. (AR 20, 22.) These activities plainly include some lifting. As the ALJ noted, Plaintiff's daily activities are not limited to the extent one would expect if Plaintiff were disabled. (AR 22.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

Plaintiff contends that the ALJ should have recontracted Dr. Haronian to determine why he believed Plaintiff had the limitations Dr. Haronian assessed. An ALJ's duty to further develop the record is triggered only "when there is ambiguous evidence or the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the ALJ rejected Dr. Haronian's no lifting limitation based on medical evidence, including Dr. Kohan's opinion, the MRI and electrodiagnostic evidence, and Plaintiff's inconsistent daily activities.

The ALJ also discounted Dr. Haronian's opinion that Plaintiff was temporarily totally disabled for workers' compensation purposes. (AR 22, 291.) Under state law, a claimant is disabled if he or she is unable to perform his or her prior work whereas a claimant for Social Security benefits is not disabled if he or she can do alternative work in the national economy, which is obviously a higher burden. Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984); Silva v. Colvin, 2013 WL 6859263, at *5 (C.D. Cal. Dec. 30, 2013). The ALJ also noted that physician opinions on the issue of disability are not binding, as the issue of disability is reserved to the Commissioner. SSR 96-5p.

Although Plaintiff disagrees with the ALJ's interpretation of the medical evidence regarding Dr. Haronian's opinion, it is the ALJ's responsibility to resolve conflicts in the medical

evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the no lifting opinion of Dr. Haronian for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B. Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (AR 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were unsupported by the objective medical evidence. (AR 21.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting the claimant's testimony. Burch v. Barnhart, 409 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ found that, despite Claimant's statement that he could not sit, stand, or walk for more than 5 to 10 minutes, the medical evidence indicates Plaintiff was able to ambulate without an assistive device. (AR 21-22.) The Court found no medical evidence in the record to support Plaintiff's statement that he could only walk, sit, or stand for 5-10 minutes, nor was such a limitation ever imposed by Dr. Haronian or Dr. Kohan. Plaintiff's claim to disabling symptoms and limitations is also contradicted by the MRI and electrodiagnostic evidence.

Second, the ALJ also found Claimant's allegations inconsistent with his daily activities (AR 21), which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. As already noted, Plaintiff is able to drive, do the laundry, go to the store, cook, do the dishes, sweep, mop, take out the trash, and clean the bathroom and kitchen. (AR 20, 22.) Plaintiff contends that the above activities do not prove he can work but they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's adverse credibility finding but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's

interpretation is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

### III. THE ALJ PROPERLY FOUND THAT PLAINTIFF CAN DO WORK IN THE NATIONAL ECONOMY

Plaintiff contends that the ALJ did not provide legitimate reasons to reject the opinion of Dr. Haronian, and thus the ALJ erred in not including in Plaintiff's RFC the no lifting restriction and the need to take a 10 minute break for every hour of standing. As already noted, the 10 minute break limitation is incorporated within the ALJ's RFC limitations of sitting up to 6 hours in an 8 hour workday and standing and/or walking only 2 hours in an 8 hour workday. The Court also found that the ALJ's rejection of Dr. Haronian's no lifting limitation was supported by substantial evidence. Thus, there was no need to include it in the ALJ's hypothetical question to the VE. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008). The ALJ's light work RFC, however, was in error as discussed below.

Plaintiff contends that the ALJ's RFC formulation and his finding that Plaintiff can perform his past relevant work are in error. The Court agrees, but the error was harmless because the ALJ also found that there is alternative work in the national economy of a sedentary nature that Plaintiff can perform.

At step four of the sequential process, the ALJ found that Plaintiff is capable of performing his past relevant work as a general clerk. (AR 22.) Plaintiff correctly observes that the specific job duties set forth in the Dictionary of Occupational Titles ("DOT") at 109.562-010 conflict with ALJ's RFC, which limits Plaintiff to only 2 hours of standing and walking. These limitations are more consistent with sedentary than with light work. SSR 83-10. According to DOT 209.562-010, a general clerk job is classified as light work which requires one to be on one's feet up to 6 hours in an 8 hour workday. The Commissioner argues that there is no necessary conflict between the ALJ's RFC and DOT 109.562-010 because a job may be considered light when it requires walking or standing to a significant degree, or "it requires

sitting most of the time but entails pushing and/or pulling of arm or leg controls," or "when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." The DOT job requirements for a general clerk, however, do not include any use of pushing/pulling of arm or leg controls to any significant degree. The ALJ's light work RFC was in error, as was his finding that Plaintiff could perform his past relevant work.

The ALJ's error, however, was harmless. Tommasetti, 533 F.3d at 1038 (error is harmless when inconsequential to the ultimate disability determination.) The ALJ made an alternative finding at step five of the sequential process that Plaintiff could perform sedentary jobs in the national economy, including bench assembler (DOT 739.687-182) and telephone information clerk (DOT 237.367-046). (AR 24.) Plaintiff's only response to this finding is that the ALJ's hypothetical question to the VE did not include Dr. Haronian's limitations. The Court, however, rejected Dr. Haronian's no lifting limitation.

Plaintiff repeats his argument that the ALJ should have developed the record further by recontacting Dr. Haronian or ordering a consultant examination. More specifically, Plaintiff contends that the ALJ, having rejected Dr. Haronian's no lifting limitation, did not base his RFC finding on any medical opinion. This contention is meritless. The ALJ relied on Dr. Haronian's opinion regarding 10 minute breaks and on Dr. Kohan's finding that Plaintiff had a normal gait and could walk without a cane. The ALJ also relied on the MRI and electrodiagnostic evidence and considered as well Plaintiff's daily activities. The ALJ explicitly stated he relied on "objective clinical findings, imaging studies, and the Claimant's allegations and testimony." (AR 22.) The record was "not inadequate to allow for a proper evaluation of evidence." Mayes, 276 F.3d at 459-60.

The ALJ properly determined that there were sedentary jobs in the national economy Plaintiff can perform.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 29, 2016

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE